IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLEAR LAKE MARINE CENTER, INC., §
                                §
            Plaintiff,          §
                                §
v.                              §
                                §   CIVIL ACTION NO. H-14-3567
SCOTT LEIDOLF, MIKE PARKER,     §
and AMERICAN FAMILY HOME        §
INSURANCE COMPANY,              §
                                §
            Defendants.         §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clear Lake Marine Center, Inc. ("Plaintiff"), sued defendants, Scott Leidolf, Mike Parker, and American Family Home Insurance Company ("Defendants"), in County Court at Law No. 1 of Harris County, Texas, under Cause No. 1047884.[1] Pending before the court is Plaintiff Clear Lake Marine Center, Inc.'s Motion for Remand ("Motion for Remand") (Docket Entry No. 7). For the reasons stated below, Plaintiff's Motion for Remand will be granted, and this case will be remanded to the County Court at Law No. 1 of Harris County, Texas.

### I. Background

This case arises out of a fire on a boat in a marina. Defendants Scott Leidolf and Mike Parker stored their boat at

---

[1] See Plaintiff's Original Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3.

Plaintiff's facility pursuant to a boat-slip lease.[2] Defendant American Family Home Insurance Company insured the boat.[3] After the boat caught fire and the marina was damaged, Plaintiff sued all three Defendants raising various contract, tort, and statutory insurance-related claims.[4] On December 15, 2014, Defendants removed the case to this court based on the court's admiralty jurisdiction.[5] On January 13, 2015, Plaintiff moved to remand the case to state court.[6]

## II. Analysis

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in state court may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441. If the plaintiff moves to remand the case, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Because removal jurisdiction raises significant federalism

---

[2] Plaintiff's Original Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, p. 8.

[3] See id. at 9-11.

[4] See id. at 8-17.

[5] See Notice of Removal, Docket Entry No. 1, pp. 2-5.

[6] Motion for Remand, Docket Entry No. 7.

concerns, such jurisdiction is narrowly construed. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

Defendants argue that removal is proper under the court's admiralty jurisdiction because Plaintiff's Original Petition and amended complaint contain claims related to a marine insurance contract and a boat-slip lease.[7] The longstanding rule in this and other circuits has been that general maritime claims filed in state court cannot be removed to federal court absent an independent basis for federal jurisdiction other than admiralty. E.g., Barker v. Hercules Offshore, Inc., 713 F.3d 208, 219-20 (5th Cir. 2013) (citing Romero v. Int'l Terminal Operating Co., 79 S. Ct. 468, 482-84 (1959); Morris v. T E Marine Corp., 344 F.3d 439, 444 (5th Cir. 2003) (same). Stated another way, the longstanding rule has been that "[t]here can be no removal into admiralty." David W. Robertson, Steven F. Friedell & Michael F. Sturley, Admiralty and Maritime Law in the United States, at 112 (2d ed. 2008). Beginning with Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013), some courts in this circuit have interpreted Congress's

---

[7]See Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 4-5; American Family Home Insurance Company's Response to Plaintiff's Motion for Remand ("American Family Home's Response"), Docket Entry No. 11, pp. 5-6 ¶¶ 8-10.

2011 clarification of the federal removal statute as having changed this longstanding rule. See Wells v. Abe's Boat Rentals Inc., No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (Rosenthal, J.); Carrigan v. M/V AMC AMBASSADOR, No. H-13-03208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); Exxon Mobil Corp. v. Starr Indem. & Liability Co., No. H-14-1147, 2014 WL 2739309, at *2 (S.D. Tex. June 17, 2014) (Atlas, J.).

However, as indicated in a prior opinion, this court is not persuaded that the 2011 clarification wrought such a dramatic change. See Perio v. Titan Maritime, LLC, No. H-13-1754, 2013 WL 5563711, at *11-*15 (S.D. Tex. Oct. 8, 2013) (Lake, J). A "growing chorus" of district courts, including several in this district, have rejected the reasoning in Ryan and have reaffirmed that general maritime claims are not removable absent some other independent basis for federal jurisdiction. Serigny v. Chevron U.S.A., Inc., No. 14-0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014) (collecting cases); see Parker v. U.S. Environmental Svcs., LLC, G-14-292, 2014 WL 7338850 (S.D. Tex. Dec. 22, 2014) (Ellison, J.); Figueroa v. Marine Inspection Services, 28 F. Supp. 3d 677 (S.D. Tex. 2014) (Ramos, J.); Rutherford v. Breathwite Marine Contractors, Ltd., No. G-13-0312, 2014 WL 6388786 (S.D. Tex. Nov. 12, 2014) (Gilmore, J.); Waddell v. Edison Chouest Offshore, No. G-14-170, 2015 WL 1285718 (S.D. Tex. March 20, 2015) (Harmon, J.); Rogers v. BBC Chartering America, LLC, No. H-13-3741, 2014 WL 819400 (S.D. Tex. March 3, 2014) (Hoyt, J.).

Section 1441, before and after the 2011 clarification, allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Apart from diversity and federal question jurisdiction, federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. In addition to the concerns raised in <u>Perio</u>, the court finds persuasive several recent cases holding that the saving-to-suitors clause operates independently of the removal statute to exclude from original federal jurisdiction general maritime claims brought by plaintiffs in state court. See, e.g., <u>Parker</u>, 2014 WL 7338850, at *3-*6; <u>Figueroa</u>, 28 F. Supp. 3d at 680-82.[8] Similarly persuasive is the related argument that because (1) saving clause cases filed in state court are necessarily brought at law, not in admiralty, and (2) § 1333 alone does not grant district courts subject matter jurisdiction over maritime claims brought on the "law side" of the court, it follows that (3) absent diversity or a federal question such claims do not fall within the court's original jurisdiction as

---

[8]<u>See also</u> <u>Barker</u>, 713 F.3d at 222 (observing that admiralty could "arguably" provide the original jurisdiction required by § 1441(a) but that "admiralty jurisdiction is not present in this suit because [Plaintiff] filed in state court, therefore invoking the saving-to-suiters exception to original admiralty jurisdiction").

required for removal under § 1441.  See Coronel v. AK Victory, 1 F. Supp. 3d 1175, 1187 (W.D. Wash. 2014).[9]

Ultimately, "it is the statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333, and more than 200 years of precedent interpreting this grant, that [] determine the removability of Plaintiff's claims." Id.  Whether for the reasons expressed in Perio, or because of the jurisdictional concerns raised in recent opinions of other courts, the court is not persuaded that the 2011 clarification changed the longstanding rule against removal into admiralty.  Congress does not appear to have intended such a sweeping expansion of district courts' removal jurisdiction,[10] and the Fifth Circuit has not overruled its prior holdings.[11]  Absent controlling precedent to the contrary, the court

---

[9] See also Michael F. Sturley, Removal into Admiralty, Admiralty and Maritime Law Conference, at 24 (Oct. 17, 2014) ("Each of th[e] changes [to the removal statute] is completely consistent with the principle that removal under section 1441 is available on either of two grounds (federal question jurisdiction or diversity jurisdiction) and nothing else.").

[10] See, e.g., Barker, 713 F.3d at 223 (reading legislative history as "explaining that the updated version is a clarification, as opposed to an amendment, of the original statute"); Sturley, supra note 9, at 24-27 ("Nothing in the text of the statute itself suggests such a radical change.  And there is no hint in the legislative history that anyone imagined such a change was being made."); see also David W. Robertson & Michael F. Sturley, Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits, 37 Tul. Mar. L.J. 401, at 407-08 (2013) ("Any argument that the JVCA has relaxed [the rule against removal] should be rejected.").

[11] See Barker, 713 F.3d at 223 (acknowledging Congress's 2011 clarification of the removal statute and observing that "[a]lthough cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal, the same is not true for OCSLA claims") (emphasis added).

is not inclined to infer that such a "revolutionary procedural change ha[s] undesignedly come to pass." See Romero, 79 S. Ct. at 478. To the extent that there is any doubt in the matter, however, the court must resolve it against the exercise of federal jurisdiction.

### III. Conclusion and Order

Plaintiff elected to bring this action in state court.[12] Defendants removed solely on the basis of the district courts' admiralty jurisdiction, and they have argued no other grounds for removal.[13] Complete diversity is lacking, and none of Plaintiff's claims raise a federal question.[14] As such, removal is improper.[15]

---

[12]See Plaintiff's Original Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3.

[13]See Notice of Removal, Docket Entry No. 1, pp. 2-5; American Family Home's Response, Docket Entry No. 11, pp. 3, 5-7; Defendants Scott Leidolf and Mike Parker's Response to Plaintiff's Motion for Remand and Brief in Support, Docket Entry No. 13, pp. 1-10.

[14]See Plaintiff's Original Petition, Exhibit C-2 to Notice of Removal, Docket Entry No. 1-3, pp. 6-7, 12-17; Plaintiff's Second Amended Complaint, Docket Entry No. 5, pp. 1-2, 8-10.

[15]Although Plaintiff's Motion to Remand does not challenge the removability of saving clause cases into admiralty, a district court ruling on a motion to remand is not limited to the issues raised by the plaintiff. Schexnayder v. Entergy Louisiana, Inc., 394 F.3d 280, 284 (5th Cir. 2004). Where, as here, the plaintiff makes clear that it does not wish to acquiesce in the federal forum, a district court does not exceed its authority under § 1447(c) by granting a timely motion to remand on grounds other than those raised by the moving party. Id. at 284-95. Furthermore, to the extent that the court lacks subject matter jurisdiction over saving clause cases brought in state court, see,
(continued...)

Accordingly, Plaintiff Clear Lake Marine Center, Inc.'s Motion for Remand (Docket Entry No. 7) is **GRANTED**; and this action is **REMANDED** to the County Court at Law Number 1 of Harris County, Texas. The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 22nd day of April, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[15] (...continued)
e.g., Parker, 2014 WL 7338850, at *6, section 1447(c) requires that the case be remanded, whether on motion of the plaintiff or otherwise. Given that the removability issue is dispositive, the court need not address the other issues raised in Plaintiff's Motion for Remand or either of its supplements to that motion.